**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

CENTER FOR A SUSTAINABLE )
COAST, INC. )
)          CIVIL ACTION FILE NO.  <u>**CV421-287**</u>
    Plaintiff, )
)
COLONEL JOSEPH R. GEARY, in his **)**
official capacity as District Commander **)**
and District Engineer, U.S. Army Corps **)**
of Engineers, Savannah District; and **)**
U.S. ARMY CORPS OF ENGINEERS, **)**
**)**
    Defendants. **)**

<u>**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT**</u>
<u>**AND INJUNCTIVE RELIEF**</u>

<u>**Nature of Action**</u>

1.

The U.S. Army Corps of Engineers ("Corps") authorized Glynn County to use a Regional

General Permit to relocate a road even though the permit does not apply. The road relocation will

destroy wetlands and mature trees so tour buses can park closer to a historic church.

<u>**Jurisdiction**</u>

2.

This action involves a federal question under the Clean Water Act, 33 U.S.C. § 1251 *et*

*seq.*, the U.S. Army Corps of Engineers' regulations, 33 C.F.R. Parts 320, 323, 325, and 330, the

National Environmental Policy Act, ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and the Administrative

Procedure Act, ("APA"), 5 U.S.C. §§ 701-706. This Court has jurisdiction under 28 U.S.C.

§ 1331. The Court may issue a declaratory judgment, vacate the Corps' authorization, and grant injunctive relief. 28 U.S.C. §§ 2201 and 2202.

## **Venue**

3.

Venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in this district. The authorization challenged as final agency action was issued by the U.S. Army Corps of Engineers' Savannah District. 28 U.S.C. § 1391(e).

## **Parties**

4.

Center for a Sustainable Coast ("the Center") is a 501(c)(3) organization dedicated to ensuring the responsible use, protection, and conservation of coastal Georgia's natural, scenic, historic, and economic resources.

5.

The Center's interests in this action fall within the zone of interests protected by the Corps' permit regulations. Center for a Sustainable Coast brings this action on behalf of its members who have been and will be injured by the Corps' authorization for Glynn County to use Regional General Permit 34 ("RGP 34") for the road relocation project. The road project will adversely impact the Christ Church Frederica Road Historic District, Christ Church, Wesley Memorial Gardens, a historic cemetery, historic battle sites, and centuries-old live oaks. Members of Center for a Sustainable Coast, including Jeffrey Kilgore, use and enjoy the project area, and the surrounding lands affected by impairment of the viewshed, for aesthetic, scenic,

historic, and cultural values, and for worship and contemplation, including on the Christ Church grounds. The road relocation project authorized by the Corps impairs the ability of the Center's members, including Jeffrey Kilgore, to cultivate these values and enjoy these activities because it is disturbing a historic district and removing mature trees so tour buses can park closer to the Church. The road relocation project adversely affects these members' enjoyment of the natural beauty and historic values of the project area and the surrounding lands, including walking around the Church grounds for reflective contemplation.

6.

Although project sponsors claim that the road relocation is needed to improve safety, there are no records of injuries or accidents occurring in the area, and landscape alteration caused by the project will permanently degrade the ambience of the road corridor and irreversibly impair the scenic qualities that enhance the church's historical importance.

7.

Members of the Center, including Jeffrey Kilgore, are concerned that moving the road into wetlands will reduce the wetlands' flood storage capacity and cause flooding on the only road for the northwest part of St. Simons Island to evacuate for a hurricane. Members of the Center, including Jeffrey Kilgore, are concerned that the project proposes shifting Frederica Road toward an area where trees that adapted to freshwater wetlands are dying from exposure to salinity as sea levels rise.

3

8.

Members of the Center, including Jeffrey Kilgore, were harmed by the Corps' failure to provide notice and an opportunity to comment before authorizing the road project. If the Corps provided public notice, as required for the type of permit that applies to the project, Jeffrey Kilgore would have provided comments explaining the adverse impacts of moving Frederica Road into the wetlands.

9.

Clearing trees for the road project has already harmed members of the Center, including Jeffrey Kilgore, by impairing the viewshed and lessening the aesthetic and scenic value of the area. The following three photos accurately show a portion of the project where dense forest was cleared before the Superior Court of Glynn County issued a temporary restraining order:







10.

The road project includes clearing a portion of Wesley Memorial Gardens, where Center member Jeffrey Kilgore enjoys walking and viewing native plants and trees. The following photo accurately shows a path connecting Christ Church with Wesley Memorial Gardens, which was dense forest before it was cleared for the road project:



11.

Vacating the Corps' authorization will redress harm to the Center's members, including Jeffrey Kilgore, but there is a presently existing actual threat of irreparable harm that trees will be cut, and wetlands filled unless this Court grants an expedited hearing and issues a preliminary injunction to stop work pending a final judgment. The site plans show more trees to be cleared and wetlands to be filled. Without a preliminary injunction from this Court, there remains a strong threat of irreparable injury.

12.

Defendant U.S. Army Corps of Engineers ("Corps") is an agency of the United States, organized and existing within the Department of the Army. The Corps is responsible for determining whether to authorize the discharge of dredged and fill material into waters of the United States.

13.

Defendant Colonel Joseph R. Geary is the District Commander of the Savannah District, U.S. Army Corps of Engineers, and he is also the District Engineer. In his capacity as District Commander and District Engineer, Colonel Geary is responsible for ensuring that the Corps acts in accordance with applicable laws and regulations.

**Statement of Facts**

14.

The Corps regulates the discharge of dredged and fill material into waters of the United States, including jurisdictional wetlands. 33 C.F.R. § 323.3(a).

15.

The Clean Water Act requires a permit from the Corps to fill jurisdictional wetlands. 33 U.S.C. §§ 1311 and 1344.

16.

Relocating Frederica Road would involve discharging fill material into jurisdictional wetlands.

17.

The Corps requires an individual or general permit to discharge dredged or fill material into jurisdictional wetlands unless the discharge is exempted. 33 C.F.R. § 323.3(a).

18.

The Frederica Road relocation project is not exempted from permit coverage. 33 C.F.R. § 323.4.

19.

Regional permits are a type of general permit issued by a Corps Division or District Engineer. 33 C.F.R. §§ 325.2(e)(2); 325.5(c)(1).

20.

Glynn County requested authorization — under the Corps' Savannah District Regional General Permit 34 ("RGP 34") — to relocate a portion of Frederica Road through jurisdictional wetlands.

21.

RGP 34 authorizes the loss of up to 10 acres of wetlands for public transportation projects in Georgia's southern counties. (Exhibit 1 at p. 2).

22.

The Corps verified coverage to relocate the road under RGP 34. (Exhibit 2 at p. 1).

23.

Special Condition # 1 in RGP 34 states that transportation projects authorized under the permit "must be funded" by federal, state, or local government. (Exhibit 1 at p. 4).

24.

A memorandum of understanding between Glynn County and Christ Church states the "Church shall provide . . . [f]ull funding for the project, excluding Stevens Road portion . . ." (Exhibit 3 at p. 3).

25.

Under the memorandum of understanding, Christ Church conveyed 3.03 acres to Glynn County for the new road and the County conveyed 2.98 acres to Christ Church (for parking). The memorandum of understanding states both parcels had the same fair market value. (Exhibit 3 at p. 2).

26.

The memorandum of understanding requires Christ Church to pay all project costs — estimated at $1,324,740.38 — except $50,000 paid by Glynn County to construct the Stevens Road intersection. (Exhibit 3 at pp. 3-4).

27.

The Stevens Road intersection is the only portion of this project that can be authorized under RGP 34 because under the memorandum of understanding Christ Church is funding all engineering services, permit coordination, easements, and cost overruns, and the Church is funding all construction costs other than the Stevens Road alignment / intersection. (Exhibit 3 at p. 3).

28.

When the County Board of Commissioners voted to accept the low bid for this project — at a meeting with no public comment allowed — the vote was to award the bid "in the amount of $1,670,794 with $1,614,724 being self-funded by Christ Church Frederica through a Memorandum of Agreement to provide funding and $56,070 provided by the Capital Projects Fund . . ." (Exhibit 4 at p. 5, ¶ 28).

29.

The Corps' letter verifying coverage under RGP 34 stated, "Your use of this RGP is valid only if . . . [t]he activity . . . meets the conditions applicable to the RGP." (Exhibit 2 at p. 1).

30.

The Corps' regulations specify that activity requiring Corps authorization is "unauthorized" if it "does not comply with all of the terms and conditions" of regional general permit. 33 C.F.R. § 330(c).

31.

After the project started, the Corps revoked the County's RGP 34 authorization for an unrelated reason.

32.

On September 20, 2021, the Center notified the Corps that the Frederica Road relocation project was not funded by a federal, state, or local government. (Exhibit 5).

33.

On September 24, 2021, the Corps reissued authorization for Glynn County to relocate a portion of Frederica Road through jurisdictional wetlands under RGP 34.

34.

On September 30, 2021, the Corps provided notice of that decision to the Center.

35.

RGP 34 is not valid for the Frederica Road relocation project because more than 96 percent of the cost was funded by the Church.

36.

No general permit or nationwide permit is available for the Frederica Road relocation project.

37.

The Corps Savannah District's general permits for transportation projects each specify that the project "must be funded" by federal, state, or local government. (Exhibit 1 at p. 4).

38.

The Corps' Nationwide Permit for linear transportation projects limits the loss of wetland to 1/2-acre in non-tidal areas and 1/3-acre in tidal areas. (Exhibit 6 at p. 1).

39.

The Frederica Road relocation project would cause a permanent loss of greater than 1/2-acre of jurisdictional wetlands. (Exhibit 2 at p. 1).

40.

Unless exempted from permit coverage or authorized under a general permit or nationwide permit, an individual permit is required to discharge fill material into jurisdictional wetlands.

41.

A decision on an application for an individual permit requires either an environmental assessment ("EA") or an environmental impact statement ("EIS") under NEPA — unless it is categorically excluded from NEPA documentation. 33 C.F.R. § 325.2(a)(4).

42.

The Frederica Road relocation project is not categorically excluded from NEPA documentation.

43.

When preparing an EA or EIS, the agency must consider how the proposed action may change the natural and physical environment, including impacts to ecological, aesthetic, historic, and cultural resources. This includes changes that are reasonably foreseeable and have a reasonably close causal relationship to the proposed action. 40 C.F.R. §§ 1501.2, 1508.1 (2020); 33 C.F.R. § Pt. 325, App. B (7) and (8).

44.

Because the Corps must prepare an EA or EIS before issuing a permit for the Frederica Road relocation project, the Corps must also provide public notice and an opportunity to comment. 40 C.F.R. §§ 1501.6, 1506.6 (2020); 33 C.F.R. § Pt. 325, App. B (7) and (8).

45.

The Corps did not provide public notice of this project and did not prepare an EA or EIS.

46.

The Corps' September 24, 2021, authorization for Glynn County to relocate a portion of Frederica Road through jurisdictional wetlands was the consummation of the agency's decision-making process.

47.

The Corps' September 24, 2021, authorization for Glynn County to relocate a portion of Frederica Road through jurisdictional wetlands was an action by which rights or obligations have been determined, and from which legal consequences will flow.

15

48.

The Corps' September 24, 2021, authorization for Glynn County to relocate a portion of Frederica Road through jurisdictional wetlands was final agency action.

**Count 1 – The Corps' decision to authorize a privately funded transportation project under RGP 34 was arbitrary and capricious.**

49.

The Corps' regulations specify that activity requiring Corps authorization is "unauthorized" if it "does not comply with all of the terms and conditions" of regional general permit. 33 C.F.R. § 330(c).

50.

The Corps erred by authorizing Glynn County to relocate Frederica Road through jurisdictional wetlands under RGP 34 for a project that was funded by the Church.

51.

The Corps provided no rational explanation for authorizing a Church-funded project under a permit valid only for government-funded projects

52.

The Corps' September 24, 2021, authorization under RGP 34 was final agency action that was arbitrary and capricious, an abuse of discretion, not in accordance with law, and beyond its authority. 5 U.S.C. § 706(2).

**Count II –The Corps' decision to authorize filling more than 1/2-acre of jurisdictional wetlands for a privately funded transportation project was arbitrary and capricious.**

53.

The Frederica Road relocation project requires a permit to discharge fill material into jurisdictional wetlands. 33 U.S.C. §§ 1311, 1344; 33 C.F.R. § 323.3(a).

54.

No general permit or nationwide permit is available for the Frederica Road relocation project.

55.

The Frederica Road relocation project requires an individual permit.

56.

The Corps was required to prepare an EA or EIS before issuing an individual permit for the Frederica Road relocation project. 33 C.F.R. § 325.2(a)(4).

57.

The Corps was required to provide public notice and opportunity to comment before issuing an individual permit for the Frederica Road relocation project. 40 C.F.R. §§ 1501.6, 1506.6 (2020); 33 C.F.R. § Pt. 325, App. B (7) and (8).

58.

The Corps did not prepare an EA or EIS before authorizing the Frederica Road relocation project.

59.

The Corps did not provide public notice before authorizing the Frederica Road relocation project.

60.

The Corps provided no rational explanation for authorizing the Frederica Road relocation project without requiring an individual permit.

61.

The Corps provided no rational explanation for authorizing the Frederica Road relocation project without preparing an EA or EIS.

62.

The Corps provided no rational explanation for authorizing the Frederica Road relocation project without public notice.

63.

The Corps' decision to authorize the Frederica Road relocation project without an EA or EIS violated NEPA and the Corps' regulations.

64.

The Corps' decision to authorize the Frederica Road relocation project without public notice violated NEPA, the Council on Environmental Quality's regulations, and the Corps' regulations.

65.

The Corps' September 24, 2021, authorization to discharge fill into jurisdictional wetlands without preparing an EA or EIS and without public notice was final agency action that was arbitrary and capricious, an abuse of discretion, not in accordance with law, and beyond its authority. 5 U.S.C. § 706(2).

### Prayer for Relief

Plaintiff respectfully requests that this Court:

(a)    Issue a temporary restraining order or preliminary injunction suspending authorization that the U.S. Army Corps of Engineers provided to Glynn County, Georgia, under RGP 34 (Frederica Road Relocation, Corps Project No. 2005-01578) and ordering that the Corps effectuate the injunction by contacting Glynn County's Public Works Director to specify that no work shall be undertaken in furtherance of the Frederica Road relocation project pending final judgment, unless an individual permit authorizing the project is obtained before final judgment;

(b)    Enter a declaratory judgment that the Corps' authorization under RGP 34 was in violation of the agency's regulations and was arbitrary and capricious, an abuse of discretion, not in accordance with law, and beyond its authority;

(c)    Enter a declaratory judgment that the Corps' decision to authorize the Frederica Road relocation project without an EA or EIS and without public notice violated NEPA, the Council on Environmental Quality's regulations, the Corps' regulations, and was arbitrary and capricious, an abuse of discretion, not in accordance with law, and beyond its authority

(d)    Set aside and vacate the Corps' authorization for Glynn County to relocate Frederica Road under RGP 34;

(e)    Award Plaintiff the costs and expenses of this action, including reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and,

(f)    Grant such other relief as the Court deems just and proper, including any injunctive relief that may be necessary to prevent harm to the natural resources before Glynn County obtain lawful authorization to relocate the road.

19

Respectfully filed October 4, 2021.

**BOWEN PAINTER LLC**

/s/ Sheri A. Fox
Sheri A. Fox, Esq.
Georgia Bar No. 527688
Paul W. Painter III, Esq.
Georgia Bar No. 520965
7302 Abercorn Street; Suite 3
Savannah, GA 31406
Tel.: 912-335-1909
Fax: 912-335-3537
Email: sheri@bowenpainter.com

## Verification of Jeffrey Kilgore

I, Jeffrey Kilgore, am a member of the Center for a Sustainable Coast.

I have personal knowledge of the facts set forth in the accompanying

*Complaint for Declaratory Judgment and Injunctive Relief.*

Under 28 U.S.C. 1746, I declare under penalty of perjury under the laws of

the United States of America that the facts set forth in the foregoing

Complaint are true and correct.  Executed on October 4, 2021.

Jeffrey Kilgore